MICHAEL BAILEY
United States Attorney
District of Arizona
TRACY VAN BUSKIRK
Assistant U.S. Attorney
Arizona State Bar No. 022097
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone: 602-514-7500
Email: tracy.van.buskirk@usdoj.gov
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | No. CR18-08320-PCT-JJT |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Byron Woody, | |
| Defendant. | |

Plaintiff, the United States of America, and the defendant, BYRON WOODY, hereby agree to dispose of this matter on the following terms and conditions:

**1.    PLEA**

The defendant will plead guilty to Voluntary Manslaughter, a lesser-included offense of Count 1 of the Indictment, in violation of Title 18, United States Code, Sections 1153 and 1112, a Class C felony offense.

**2.    MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. §§ 1153 and 1112 is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 15 years, or both, and a term of supervised release of up to 3 years.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C.

MF 39
SCANNED

§ 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.      The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.      AGREEMENTS REGARDING SENTENCING**

a.      Stipulation: Sentencing.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant shall be sentenced to a term of imprisonment not to exceed 137 months.  The parties are free to argue for any sentence they deem appropriate.

b.      Restitution.  Pursuant to 18 U.S.C. §§ 3663, 3663A and/or 2248, the defendant specifically agrees to pay full restitution to all victims in an amount to be determined by the court, but in no event, no more than $750,000.00 per victim. "Victims" include persons or entities directly or proximately harmed by defendant's "relevant conduct" including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. §1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663, 3663(A) or 2248.  Pursuant to 18 U.S.C. §§ 3663 and 3664(j)(1), "victims" also include persons or entities (whether private or government: state, federal or tribal) that have paid or costs related to defendant's conduct, including insurance

- 2 -

1 providers and health care providers (including those such as Medicaid, Medicare and
2 AHCCCS).   Even if the victims did not suffer physical injury, the defendant expressly
3 agrees to pay restitution for expenditures and future expenses related to treatment for
4 mental or emotional trauma suffered by the victims.  Such expenditures shall include, but
5 are not limited to, mental health treatment and counseling, in-patient treatment, and
6 traditional Native American ceremonies treatment.  The defendant understands that such
7 restitution will be included in the Court's Order of Judgment and that an unanticipated
8 restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to
9 withdraw from this plea agreement.

10      c.    <u>Recommendation: Acceptance of Responsibility</u>.  If the defendant makes full
11 and complete disclosure to the U.S. Probation Office of the circumstances surrounding the
12 defendant's commission of the offense, and if the defendant demonstrates an acceptance
13 of responsibility for this offense up to and including the time of sentencing, the United
14 States will recommend a two-level reduction in the applicable Sentencing Guidelines
15 offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16
16 or more, the United States will move the Court for an additional one-level reduction in the
17 applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

18      d.    <u>Non-Binding Recommendations</u>.  The defendant understands that
19 recommendations are not binding on the Court.  The defendant further understands that
20 the defendant will not be permitted to withdraw the guilty plea if the Court does not
21 follow a recommendation.

22      e.    <u>Assets and Financial Responsibility</u>.  The defendant shall make a full
23 accounting of all assets in which the defendant has any legal or equitable interest.  The
24 defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend,
25 or transfer any such assets or property before sentencing, without the prior approval of
26 the United States (provided, however, that no prior approval will be required for routine,
27 day-to-day expenditures).  The defendant also expressly authorizes the United States
28 Attorney's Office to immediately obtain a credit report as to the defendant in order to

1   evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

2   The defendant also shall make full disclosure of all current and projected assets to the

3   U.S. Probation Office immediately and prior to the termination of the defendant's

4   supervised release or probation, such disclosures to be shared with the U.S. Attorney's

5   Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant

6   shall participate in the Inmate Financial Responsibility Program to fulfill all financial

7   obligations due and owing under this agreement and the law.

8   **4.**      **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

9          This agreement does not, in any manner, restrict the actions of the United States in

10  any other district or bind any other United States Attorney's Office.

11  **5.**      **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

12         a.      If the Court, after reviewing this plea agreement, concludes that any

13  provision contained herein is inappropriate, it may reject the plea agreement and give the

14  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

15  11(c)(5).

16         b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,

17  vacated, or reversed at any time, this agreement shall be null and void, the United States

18  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

19  any charges that have been dismissed because of this plea agreement shall automatically

20  be reinstated.  In such event, the defendant waives any and all objections, motions, and

21  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

22  restrictions in bringing later charges or proceedings.  The defendant understands that any

23  statements made at the time of the defendant's change of plea or sentencing may be used

24  against the defendant in any subsequent hearing, trial, or proceeding subject to the

25  limitations of Fed. R. Evid. 410.

26  **6.**      **WAIVER OF DEFENSES AND APPEAL RIGHTS**

27         The defendant waives (1) any and all motions, defenses, probable cause

28  determinations, and objections that the defendant could assert to the indictment or

information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.     DISCLOSURE OF INFORMATION**

a.      The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all

1   monetary penalties, including restitution imposed by the Court, shall be due immediately
2   upon judgment, shall be subject to immediate enforcement by the United States, and shall
3   be submitted to the Treasury Offset Program so that any federal payment or transfer of
4   returned property the defendant receives may be offset and applied to federal debts (which
5   offset will not affect the periodic payment schedule). If the Court imposes a schedule of
6   payments, the schedule of payments shall be merely a schedule of minimum payments and
7   shall not be a limitation on the methods available to the United States to enforce the
8   judgment.

9   **9.   ELEMENTS**

**Voluntary Manslaughter**

11   On or about July 29, 2018, in the District of Arizona:

12   1.   The defendant unlawfully killed the victim;

13   2.   The killing was without malice aforethought;

14   3.   The defendant killed the victim either intentionally or recklessly with
15   extreme disregard for human life; and

16   4.   The offense happened on an Indian Reservation; and

17   5.   The defendant was an Indian at the time of the offense.

18   **10.   FACTUAL BASIS**

19   a.   The defendant admits that the following facts are true and that if this matter
20   were to proceed to trial the United States could prove the following facts beyond a
21   reasonable doubt:

22   On or about July 29, 2018, in the District of Arizona, within the confines of the Hopi
23   Indian Reservation, Indian Country, the defendant, BYRON WOODY, an Indian, killed
24   the victim K.W., intentionally or recklessly with extreme disregard for human life, such
25   killing having been without malice aforethought. Specifically, on such date the defendant
26   and victim were consuming alcohol. The defendant was at the victim's home when he
27   became involved in a sudden quarrel with the victim, and stabbed the victim multiple times.

28

1   The victim died at the hospital, and the medical examiner who performed an autopsy on

2   the victim concluded that the victim died of multiple stab wounds.

3     The defendant admits that he was an Indian at the time of the offense. Specifically,

4   he had a sufficient degree of Indian blood from a federally-recognized tribe (the Navajo

5   Nation Indian Tribe) as evidenced by his Certificate of Indian blood, and the defendant was

6   recognized as an Indian by a tribal government and the federal government.

7     b. The defendant shall swear under oath to the accuracy of this statement and,

8   if the defendant should be called upon to testify about this matter in the future, any

9   intentional material inconsistencies in the defendant's testimony may subject the defendant

10  to additional penalties for perjury or false swearing, which may be enforced by the United

11  States under this agreement.

12  **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

13    I have read the entire plea agreement with the assistance of my attorney.   I

14  understand each of its provisions and I voluntarily agree to it.

15    I have discussed the case and my constitutional and other rights with my attorney.

16  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

17  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

18  present evidence in my defense, to remain silent and refuse to be a witness against myself

19  by asserting my privilege against self-incrimination, all with the assistance of counsel, and

20  to be presumed innocent until proven guilty beyond a reasonable doubt.

21    I agree to enter my guilty plea as indicated above on the terms and conditions set

22  forth in this agreement.

23    I have been advised by my attorney of the nature of the charges to which I am

24  entering my guilty plea.  I have further been advised by my attorney of the nature and range

25  of the possible sentence and that my ultimate sentence shall be determined by the Court

26  after consideration of the advisory Sentencing Guidelines.

27

28

1    My guilty plea is not the result of force, threats, assurances, or promises, other than

2    the promises contained in this agreement. I voluntarily agree to the provisions of this

3    agreement and I agree to be bound according to its provisions.

4    I understand that if I am granted probation or placed on supervised release by the

5    Court, the terms and conditions of such probation/supervised release are subject to

6    modification at any time. I further understand that if I violate any of the conditions of my

7    probation/supervised release, my probation/supervised release may be revoked and upon

8    such revocation, notwithstanding any other provision of this agreement, I may be required

9    to serve a term of imprisonment or my sentence otherwise may be altered.

10   This written plea agreement, and any written addenda filed as attachments to this

11   plea agreement, contain all the terms and conditions of the plea. Any additional

12   agreements, if any such agreements exist, shall be recorded in a separate document and

13   may be filed with the Court under seal; accordingly, additional agreements, if any, may not

14   be in the public record.

15   I further agree that promises, including any predictions as to the Sentencing

16   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

17   (including my attorney) that are not contained within this written plea agreement, are null

18   and void and have no force and effect.

19   I am satisfied that my defense attorney has represented me in a competent manner.

20   I fully understand the terms and conditions of this plea agreement. I am not now

21   using or under the influence of any drug, medication, liquor, or other intoxicant or

22   depressant that would impair my ability to fully understand the terms and conditions of this

23   plea agreement.

24   _11.15.19_
     DATE                              BYRON WOODY
                                       Defendant

- 8 -

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

11.15.19
DATE

ERIC KESSLER
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

12/9/19
DATE

TRACY VAN BUSKIRK
Assistant U.S. Attorney

- 9 -

## ACCEPTANCE BY THE COURT

1

2

3   DATE 3/2/20

HONORABLE JOHN J. TUCHI
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -